IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


JAIME BRAVO, *et al.*,

      Plaintiffs,

v.                                          CIV 08-0010 WJ/KBM

BOARD OF COMMISSIONERS FOR THE
COUNTY OF DOÑA ANA, *et al.*,

      Defendants.


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      THIS MATTER is before the Court on Plaintiffs' Motion for Sanctions *(Doc. 115)* against the County Defendants. This case was recently reassigned to District Judge William P. Johnson. *Doc. 136*. On May 20, 2009, Judge Johnson referred this motion for sanctions to me for a recommendation as to its ultimate deposition. Having been involved in all of the settlement negotiations which underlie the asserted basis for the motion, I find that no evidentiary hearing is required for my recommendation. Having considered the arguments, pleadings and relevant law, the Court finds the motion to be well taken and recommends it be granted.

      Plaintiffs' motion accurately sets forth the sequence of events leading to the request for sanctions. *See Doc. 115*. In its memorandum brief in opposition to the motion, the County Defendants also accurately relate their version of the events. *See Doc. 123*. Thus, the essential facts are not in dispute. Rather the dispute lies in the import of those facts.

      These settlement discussions were numerous, tedious, long and complex. Toward the end of the first round of talks, neither I nor the parties were optimistic that a negotiated

resolution could be reached.  But the parties agreed to continue the process in good faith, and I believe that in the many meetings that took place over the following months, they did so.  As Plaintiffs point out, the March 9th discussions which included County Manager Brian Haines were especially fruitful.  At all times, however, it was clear that neither the County Manager nor Counsel for the County Defendants could bind the County Defendants to the terms of a settlement without the approval of the Board of County Commissioners.

At a closed session held March 24th, County Manager Haines made an hour long presentation to the Board of Commissioners regarding the progress made in the settlement negotiations.  After the presentation, the Board rejected the new direction taken in those talks.  Instead, they directed that the County resume its original position which had clearly been rejected by Plaintiffs throughout the negotiation process.  Simply because the County Defendants declined to follow their agents' attempts to reach a settlement does not correlate to a finding of bad faith in the process, however.  I applaud the County Manager's willingness to explore alternatives to full-blown litigation on behalf of his Board and to fully convey the information for the Board's ultimate decision on how to proceed.

This observation ignores the crux of the motion, however – the total failure of defense counsel to notify Plaintiffs before the March 30th settlement conference as to the Board's complete rejection of positions last taken at the bargaining table.  Defense Counsel says that there has been no bad faith because his clients have never altered ***their*** terms for settlement, and that they should not face sanctions for restating that position after the County Manager's presentation.  This argument ignores the basis on which sanctions are sought - the failure of defense counsel to notify Plaintiffs or the Court of the "about face" change in position ***prior*** to the scheduled March 30th conference.  Plaintiffs' counsel  and the Court as well were caught

totally off guard with that revelation on the day of the scheduled conference.  Defendants' contention that they thought Plaintiffs would still want to take part in settlement discussions even after that revelation seems disingenuous at best.  And, simply showing up does not constitute good faith participation.

I have absolutely no doubt that had the change in settlement strategy had been timely conveyed, Plaintiffs would have sought and I would have granted a motion to vacate the March 30th proceeding.  Instead, Plaintiffs expended significant time, energy and resources traveling to Las Cruces to participate in what had previously been good faith settlement discussions.  Having helped weave the fabric of discussion, I find bad faith in failing to advise that the negotiations had unraveled when the Board "pulled out the rug" on which the discussions were being framed.

Therefore, I will recommend that Judge Johnson award Plaintiffs sanctions pursuant to Rule 16(f)(1)(B) in the amount of Plaintiffs' attorney fees and costs associated with attending the March 30th conference.  Because County Defendants have raised no argument that the amount requested for reimbursement is unreasonable or excessive, I find that they have waived any such arguments.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Plaintiffs' Motion for Sanctions be granted and that Plaintiffs be awarded sanctions in the requested amount of $7,394.00.

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  A party must file any objections with the Clerk of the District Court within the ten-day period

if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

  _____
UNITED STATES MAGISTRATE JUDGE